UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-21489-CIV-UNGARO

GREAT AMERICAN INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.

GENERAL CONTRACTORS &
CONSTRUCTION MANAGEMENT,
INC., a Florida corporation, AKRAM
NIROOMAND-RAD and KAMRAN
GHOVANLOO,

    Defendants.

_____/

## ORDER ON MOTION TO DISQUALIFY

THIS CAUSE is before the Court on Plaintiff's Motion to Disqualify Counsel, filed on April 10, 2008 (D.E. 99). Defendant Akram Niroomand-Rad filed her Response in Opposition on April 22, 2008 (D.E. 114). Plaintiff's Reply in further support of its Motion was due on May 2, 2008. Because Plaintiff has failed to file a Reply, the Motion is now ripe for adjudication.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. In its Motion, Plaintiff requests that the Court disqualify the Law Offices of David L. Swimmer, P.A. (the "Firm") from any further representation of Defendant Akram Niroomand-Rad because the Firm has and continues to be counsel for Plaintiff in separate and unrelated litigation. (Pl.'s Mot. 1.) Plaintiff claims that the Firm's representation of Defendant Niroomand-Rad violates Rule 4.1-7 of the Florida Rules of Professional Conduct because the situation presents an inherent conflict and the Firm did not obtain the written consent

of Plaintiff prior to undertaking its representation of Defendant Akram Niroomand-Rad in this case.  (Pl.'s Mot. 1.)

As an initial matter, the Court notes that the party moving to disqualify bears the burden of proving the grounds for disqualification.  *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (citations omitted).  Rule 4-1.7 of the Rules Regulating the Florida Bar regulates an attorney's ability to undertake representation adverse to a present client.  The rule states, in pertinent part:

> (a) Representing Adverse Interests.  Except as provided in subdivision (b), a lawyer shall not represent a client if:
>
> (1) the representation of 1 client will be directly adverse to another client;
>
> * * *
>
> (b) Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
>
> * * *
>
> (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

Fla. Bar Rule 4-1.7 (2006).  The Firm does not dispute (1) that it represents Plaintiff and Defendant Niroomand-Rad in separate litigation or (2) that Plaintiff did not give its informed consent prior to the Firm's beginning representation of Defendant Niroomand-Rad.  However, the Firm claims that no conflict of interest exists because it only represents Plaintiff in connection with its representation of certain subcontractors.  (Def.'s Resp. 3.)  According to the Firm, Plaintiff acted as surety for several of the Firm's subcontractor clients who have been sued and that the Firm only represents Plaintiff to the extent Plaintiff's interests are aligned with those

of the Firm's subcontractor clients. (Def.'s Resp. 3-4, 6.) The Court, though, notes that the Firm still represents Plaintiff's interests in other matters regardless of how such representation began. As such, the Firm appears to have violated Rule 4-1.7.

Nonetheless, the Court does not feel that disqualification is warranted in this circumstance. It is well-settled that disqualification is not mandatory even after a finding that a law firm has violated a conflict of interest rule. *Prudential Ins. Co. of America v. Anodyne, Inc.*, 365 F.Supp. 2d 1232, 1236 (S.D. Fla. 2005); *SWS Financial Fund A v. Salomon Bros., Inc.*, 790 F.Supp. 1392, 1399 (N.D. Ill. 1992). Disqualification is "a blunt device [that] foists substantial costs upon innocent third parties[,]" including the delay, inconvenience, and expense an innocent client may incur, as well as the deprivation of the innocent client's counsel of choice. *Salomon Bros.*, 790 F.Supp. at 1400. "Given the costs imposed by disqualification and the theoretical availability of alternative means of enforcement of the disciplinary code, a court should look to the purposes of the rule violated in order to determine if disqualification is a desirable sanction." *Id*. at 401. The two basic purposes of Rule 4-1.7 are (1) to protect confidences that a client may have shared with his attorney and (2) to safeguard loyalty as a feature of the attorney-client relationship. *Prudential*, 365 F.Supp. 2d at 1237 (citations omitted). In this case, allowing the Firm to continue in its representation of Defendant Niroomand-Rad would not affect either such purpose.

First, the Firm has submitted affidavits attesting to the fact that Plaintiff has never shared any "confidences" with the Firm in connection with the Firm's representation of Plaintiff. (*See* Def.'s Resp., Ex. A ¶¶ 12, 17.) Additionally, the Firm only undertook its representation of Plaintiff because Plaintiff acted as a surety to one of the Firm's subcontractor clients. (Def.'s

Resp. 3-4.)  According to the Firm, it would withdraw from representing Plaintiff were a conflict to arise between Plaintiff and such subcontractor client.  (Def.'s Resp. 4.)  In fact, Plaintiff retained its counsel in the case at hand, Etcheverry & Harrison LLP, to represent its interests in the same case in which Plaintiff is being represented by the Firm.  (Def.'s Resp. 4.)  Thus, the Court does not believe that permitting the Firm to continue its representation of Defendant Niroomand-Rad would violate the spirit of Rule 4-1.7.

When adjudicating a motion to disqualify, some courts have looked to balancing tests to determine whether disqualification is warranted.  *See, e.g.*, *Prudential*, 365 F.Supp. 2d at 1237; *Research Corp. Techs., Inc. v. Hewlett-Packard Co.*, 936 F.Supp. 697, 703 (D.Ariz. 1996); *Gould v. Mitsui Mining & Smelting Co.*, 738 F.Supp. 1121, 1126 (N.D. Ohio 1990).  Among the factors that courts have considered are: the nature of the ethical violation; the prejudice to the parties; the effectiveness of counsel in light of the violations; the public's perception of the profession; and whether or not the attempt to disqualify an attorney is used as a tactical device or a means of harassment.  *Prudential*, 365 F.Supp. 2d at 1237.  On balance, consideration of these factors leads the Court to the conclusion that disqualification is not warranted here.

While undertaking representation of a client that is directly adverse to an existing client is certainly a serious ethical violation, the circumstances of the Firm's representation of Plaintiff, as discussed above, temper the graveness of the violation.  With respect to the second factor, Defendant Niroomand-Rad would be greatly prejudiced by the Firm's disqualification, as she would have to scramble to retain new counsel, who would be unfamiliar with the case, a mere two months before trial.  On the other hand, there has been no showing that Plaintiff would be prejudiced in the least by the Firm's continued representation of Defendant Niroomand-Rad,

4

especially in light of the fact that Plaintiff has never shared any "confidences" with the Firm. As for the third and fourth factors, Plaintiff has not demonstrated, let alone argued, that the Firm has been less effective in its representation of Plaintiff in the unrelated litigation or that the public perception of the profession has been or would be damaged should the Court choose not to disqualify the Firm.

Finally, looking at the fifth factor, Florida courts have stated that a motion to disqualify should be made with reasonable promptness after the party seeking the disqualification learns of the conflict of interest. *See Transmark, USA, Inc., v. State Dept. of Insur.*, 631 So.2d 1112, 1116 (Fla. 1st DCA 1994); *Lee v. Gadasa Corp.*, 714 So.2d 610, 612 (Fla. 1st DCA 1998); *Balda v. Sorchych*, 616 So.2d 1114, 1116 (Fla. 5th DCA 1993). "The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case." *Transmark*, 631 So.2d at 1116. In the case at hand, Plaintiff has known of the Firm's involvement in the case since the Firm filed an answer on behalf of Defendant Niroomand-Rad on July 17, 2007. However, Plaintiff waited until the day before the end of the discovery period (April 10, 2008) to file the instant Motion, thereby exposing Defendant Niroomand-Rad, an innocent third party in this conflict dispute, to substantial hardship should she lose the benefit of her chosen counsel after discovery has closed and with the trial looming in two short months. While the Court is loath to impute such base motives to Plaintiff regarding the instant Motion, it is an inescapable fact that granting this Motion would have the exact effect of which the *Transmark* court warned.

"Disqualification of a party's chosen counsel is an extraordinary remedy and should be granted sparingly." *Cunningham v. Appel*, 831 So.2d 214, 215 (Fla. 5th DCA 2002); *see also*

*Anderson Trucking Service, Inc. v. Gibson*, 884 So.2d 1046, 1049 (Fla. 5th DCA 2004); *Vick v. Bailey*, 777 So.2d 1005 (Fla. 2d DCA 2000). Having considered the facts on the record in this case, it does not appear to the Court that disqualification is warranted here. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 99) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of May, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record