UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-21489-CIV-UNGARO/SIMONTON

GREAT AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.

GENERAL CONTRACTORS &
CONSTRUCTION MANAGEMENT,
INC., et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT NIROOMAND-RAD'S
## MOTIONS TO DISSOLVE WRITS OF GARNISHMENT

Presently pending before the Court are Defendant Akram Niroomand-Rad's Motions To Dissolve Writs of Garnishment (DE ## 160, 162).  These motions are referred to the undersigned Magistrate Judge (DE ## 167, 168).  Plaintiff has responded in opposition to the motions (DE ## 161, 163).  Defendant Niroomand-Rad has not replied, and the last day to timely file a reply was July 7, 2008.

    I.  The Instant Motions

Defendant Niroomand-Rad filed the instant motions on June 25, 2008.  In her motions, Defendant Niroomand-Rad states that on May 30, 2008, this Court entered a judgment against her in favor of Plaintiff in the amount of $2,930,899.97, and that on June 3, 2008, Plaintiff filed motions for writs of garnishment on TD Ameritrade, Inc., Wachovia Bank, N.A. and obtained the writs of garnishment on the same day.  Defendant Niroomand-Rad states that her access to her accounts at TD Ameritrade and Wachovia Bank has been restricted.  Defendant Niroomand-Rad contends that Plaintiff obtained the writs of garnishment prematurely, before the expiration of the ten day stand-still

period laid out in Fed.R.Civ.P. 62(a), and that the writs of garnishment should be dissolved for violating Rule 62(a) (DE ## 160, 162).

In response, Plaintiff concedes that it erred in obtaining the writs before the expiration of the Rule 62(a) ten-day period.  Plaintiff states that this action was not taken in bad faith or with malice, but was merely a procedural error on the part of Plaintiff's counsel.  Plaintiff opines that the purpose of Rule 62(a)'s ten-day stand-still period is to allow a judgment debtor ten days to file 1) a motion for new trial; 2) a notice of appeal; and/or 3) a motion for stay of execution of the judgment, and not to allow the judgment debtor ten days to disburse and/or move assets to defeat the legitimate recovery efforts of the judgment creditor.  Plaintiff notes that as Defendant Niroomand-Rad has not filed 1) a motion for new trial; 2) a notice of appeal; or 3) a motion for stay of execution of the judgment, there is no prejudice to Defendant Niroomand-Rad in allowing the writs of garnishment to stand.  Plaintiff asserts that vacating the writs of garnishment would prejudice it by allowing Defendant Niroomand-Rad to dissipate the funds which are now frozen pursuant to the writs (DE ## 161, 163).

In the alternative, Plaintiff asks this Court to vacate the writs and immediately issue replacement writs in the same Order, with instructions that TD Ameritrade and Wachovia Bank respond to the newly issued writs based upon the assets currently in their possession, custody and control (DE ## 161 at 3, 163 at 3).

II.  <u>Analysis</u>

The motions to dissolve writs of garnishment are denied.  While it is undisputed that Plaintiff asked for and was issued the writs of garnishment prematurely, Defendant Niroomand-Rad can show no prejudice from the premature issuance of the writs.

Rule 62(a) states, in pertinent part, that, [e]xcept as stated in this rule, no

execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry. . . ." The purpose of Rule 62(a) is to stay execution of judgment for 10 days to afford litigants an ample period of time to consider whether to appeal, to file a motion for new trial, and/or to seek a stay of execution of judgment. *McKenzie v. Kennickell*, 669 F.Supp. 529, 535 (D.D.C. 1997).

On May 30, 2008, the District Court entered the final judgment against Defendant Niroomand-Rad and in favor of Plaintiff (DE # 139). Thus, the automatic stay period of Rule 62(a) ran up to and including June 13, 2008. At no time during this period, or up to the present day, has Defendant Niroomand-Rad filed a notice of appeal, a motion to vacate the judgment, or a motion to stay execution of the judgment. Thus, while it is undisputed that Plaintiff asked for and was issued the writs of garnishment prematurely, on June 3, 2008, it would serve no purpose to vacate the writs now and reissue identical writs. Vacating the writs would merely delay the process of executing upon the judgment. Indeed, Defendant Niroomand-Rad has neither shown any prejudice stemming from the premature issuance of the writs nor provided any authority which supports her position that the prematurely issued writs should be dissolved.[1] To the extent that she complains that Plaintiff failed to obtain leave of Court to shorten the period of time within which such writs could be issued, the undersigned grants such leave, nunc pro tunc.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant Akram Niroomand-Rad's Motions

---

[1] Indeed, more appropriate relief might be to stay the enforcement of such writs until the expiration of the ten-day period; of course, that relief is moot at this point, and in fact that ten-day period had expired even prior to the time the motions for dissolution were filed.

To Dissolve Writs of Garnishment (DE ## 160, 162), are **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on July 28, 2008.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro,
   United States District Judge
All counsel of record