UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-21489-CIV-UNGARO/SIMONTON

GREAT AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.

GENERAL CONTRACTORS &
CONSTRUCTION MANAGEMENT,
INC., et al.,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AGAINST METROPOLITAN LIFE INSURANCE COMPANY FOR LACK OF JURISDICTION

Presently pending before the Court is Great American Insurance Company's Motion To Compel Against Metropolitan Life Insurance Company (DE # 194).  This motion is referred to the undersigned Magistrate Judge (DE # 195).

Plaintiff has filed a motion to compel Metropolitan Life Insurance Company to produce certain documents responsive to a subpoena duces tecum issued by the United States District Court for the Eastern District of New York and also returnable in that district.  However, this Court does not have jurisdiction to enforce the subpoena issued by the United States District Court for the Eastern District of New York.  The Advisory Committee note to the 1991 amendment to Fed.R.Civ.P. 45(a)(2) states that the court in whose name the subpoena issued is responsible for its enforcement.  *See Matter of Certain Complaints Under Investigation*, 783 F.2d 1488, 1495 (11th Cir. 1986); *see also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991); *Thelen Reid & Priest LLP v. Marland*, 2007 WL 578989 at *9 (N.D. Cal. Feb. 21, 2007); *Rios v. Indiana University*, 2005 WL 1828767 at *2 (N.D. Ind. Jul. 28,

2005); *In re Application for Order Quashing Deposition Subpoenas*, 2002 WL 1870084 at *6 (S.D.N.Y. Aug. 14, 2002); *Productos Mistolin, S.A. v. Mosquera*, 141 F.R.D. 226, 228-29 (D.P.R. 1992).[1]

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Great American Insurance Company's Motion To Compel Against Metropolitan Life Insurance Company (DE # 194), is **DENIED** **without prejudice to renew in the proper forum**.

**DONE AND ORDERED** in chambers at Miami, Florida, on September 24, 2008.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record

---

[1] Similarly, Rule 45(e) states that a failure to obey a subpoena may be deemed a contempt of the court from which the subpoena issued.