UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-21489-CIV-UNGARO/SIMONTON

**GREAT AMERICAN INSURANCE**
**COMPANY,**

    Plaintiff,

v.

**GENERAL CONTRACTORS &**
**CONSTRUCTION MANAGEMENT,**
**INC., et al.,**

    Defendants.
_____/

### ORDER GRANTING DEFENDANT NIROOMAND-RAD'S
### MOTIONS TO DISSOLVE WRITS OF GARNISHMENT

    Presently pending before the Court is Defendant Akram Niroomand-Rad's Motion To Dissolve Writs of Garnishment [D.E. 188].  The Motion is referred to the undersigned Magistrate Judge [D.E.  196].  Plaintiff has responded in opposition to the motion [D.E. 200].  Defendant Niroomand-Rad has not replied.   Plaintiff has also filed a Supplemental Opposition to Defendant's Motion to Dissolve Writs of Garnishment [D.E. 223].  On November 20, 2008, the undersigned held a hearing on the Motion to Dissolve.  For the reasons stated below, the motion is GRANTED.

    I.  **BACKGROUND**

    This matter was initiated when Plaintiff, Great American Insurance Company, filed an action against General Contractor & Construction Management, Inc., Akram Niroomand-Rad and Kamran Ghovanloo related to surety and performance bonds.

    On May 29, 2008 the District Court granted Plaintiff's Motion for Summary Judgment, in part, and entered a Final Judgment on the matter on May 20, 2008,  wherein Plaintiff was awarded $2,930,899.97 against the Defendants jointly and severally and in

addition, Defendants were ordered to post collateral in the amount of $75,000 within twenty (20) days from the date of the judgment.[1]

On June 3, 2008, Plaintiff filed several Motions for Writs of Garnishment, seeking to garnish the monies of the Defendants in various accounts.  [D.E. 142, 144, 146, 148].  The Clerk of Courts for the United States District Court for the Southern District of Florida issued the Writs [D.E. 141, 143], and ultimately, Plaintiff garnished the accounts of Akram Niroomand-Rad held at two institutions.  [D.E. 153, 166].  Two of the accounts held by Wachovia Bank are cash accounts in the amounts of $7,181.16 and $81,718.76.  [D.E. 166].  Two additional accounts are held by Ameritrade and are investments accounts in the amounts of $14,531.99 and $84,899.01. *See,* [D.E. 155, 200].   Plaintiff served the Writs of Garnishment on Defendant Niroomand-Rad on June 6, 2008 for the Wachovia accounts and on June 10, 2008 for the Ameritrade accounts [D.E.  149, 153].

On June 27, 2008, Defendant Akram Niroomand-Rad filed a Notice of Filing Claim of Exemptions, which according to the Certificate of Service attached thereto, was served on Plaintiff's counsel of record, Etcheverry Harrison, LLP, via Courier on June 24, 2008.  [D.E. 164 at 3].  That Notice claimed exemptions based upon Head of family wages, Retirement or profit sharing benefits or pension money, and Prepaid College Trust Fund or Medical Savings account.  The Notice included a request for a hearing to decide the validity of the claims and was sworn to by the Defendant and signed by a Notary Public.  The claim of exemptions failed to specify which writ the exemptions were

---

[1] The Court entered an Amended Final Judgment on July 31, 2008, wherein the Court removed Defendant Kamran Ghovanloo from the Final Judgment, as Ghovanloo had filed bankruptcy prior to the entry of the Court's Final Judgment [D.E. 181].  The amendment to the Final Judgment does not affect the Motions presently before the undersigned and does not alter the undersigned's analysis of that  Motion.

directed to and whether the exemptions applied to all the monies contained in each account held by the Defendant.

On July 11, 2008, Plaintiff Great American filed "Sworn Objections to Claims of Exemption and Request for Evidentiary Hearing." [D.E. 171].  In those Objections, the Plaintiff challenged all three of the exemptions raised by the Defendant and stated that Plaintiff had intended to file the Objections on June 26, 2008.   The Plaintiff stated in the Objections that no prejudice had befallen the Defendant due to the late filing.  The Objections were signed by Douglas Bowen of Great American Insurance Company.  A notary public signed the bottom of the Objections and included a statement that Mr. Bowen acknowledged the instrument, but did not take an oath.  There was also no specific date of execution on the Objections, rather, only the month and year appear, with the date space left blank. *Id*.

On August 20, 2008, Defendant Akram Niroomand-Rad filed the instant Motion to Dissolve Writ of Garnishment for failure to comply with Fla. Stat. § 77.041(3) [D.E. 188]. In the Motion, Defendant seeks to dissolve the Writs of Garnishment asserting that the Plaintiff failed to timely respond to Defendant's Exemptions and thus pursuant to Fla. Stat. § 77.041(3), this Court should direct the Clerk of Court to immediately dissolve the writs [D.E. 188].

On August 27, 2008, Plaintiff filed an Opposition to the Motion to dissolve the Writs of Garnishment [D.E. 200].  In that Opposition, the Plaintiff asserted that because the Writs were not dissolved by the Clerk prior to the Plaintiff filing its Sworn Objections to the Defendant's Exemptions that the defect in the tardy filing is now cured and the Defendant is not entitled to have the Writ dissolved.    Plaintiff further argues that it was incumbent upon the Defendant to notify the Clerk that the time for Plaintiff to file

objections to the exemptions had elapsed, and Defendant's failure to do so prior to the Plaintiff filing its Objections constitutes a waiver of the right of the Defendant to have the Writ dissolved.  Plaintiff also argues that the monies at issue are the subject of a Motion for Writ of attachment and for contempt and thus, it would prejudice the Plaintiff if the Writs of Garnishment were dissolved.[2]

At the Hearing on the Motion to Dissolve the Writ, the Defendant argued that the Plaintiff's failure to timely comply with the dictates of Florida Statute § 77.041 required that the writs be dissolved without regard to the merit of the exemptions raised by the Defendant.  The Defendant also withdrew the claim for exemption for the Prepaid College Trust Fund.

The Plaintiff countered that the Defendant-debtor had failed to adequately state a prima facie case for exemption under the head of family exemption as Plaintiff had not established that the money garnished consisted of wages.  Counsel for the Plaintiff indicated that the Plaintiff would withdraw without prejudice its objection to the monies contained in the TD Ameritrade Account in the amount of $84,899.01, as that account was a Roth IRA and subject to the retirement exemption.

The Plaintiff also argued that the head of family exemption should not apply as the Defendant stated in her claim for exemptions that she is unemployed and retired, and further that discovery has revealed that she worked as a day trader, which according to the Plaintiff constitutes passive income which under Florida law does not qualify as

---

[2] The undersigned notes that if the writs of garnishment are dissolved and Defendant gains access to funds which enable her to post the $75,000 as collateral, as required by the Order of the District Judge, and she fails to do so, Plaintiffs' request for contempt, including the arrest and incarceration of Defendant until the funds are paid, will be strengthened.

wages and earning.

At the hearing, the Defendant Niroomand-Rad testified under oath that she did not intend for the claimed exemptions to apply to each writ, but rather, that the accounts held by Ameritrade bank were subject to the retirement exemption as an IRA account, and the Wachovia accounts are subject to the head of family exemption, as wages.

Having reviewed the Motion and relevant filings, the relevant portions of the record and after considering the arguments made at the hearing, the undersigned is prepared to rule on the Motion to Dissolve Writ of Garnishment as follows.

II.     ANALYSIS

   A.     Federal Rule of Civil Procedure 69

Rule 69 of the Federal Rules of Civil Procedure states that proceedings in aid of judgment or execution shall be governed by the procedure of the state where the court is located.  *See* Fed. R. Civ. P. 69(a)(1); *see also Orix Financial Services, Inc., v. Sims*, 2008 WL 681037 *1 (M.D. Fla. March 7, 2008). In addition, Fed. R. Civ. P. 69 requires that Florida law be applied to requests for writs of garnishment that are brought before the Federal Court.  *Id*.  Thus, the undersigned will apply the applicable Florida law to resolve the Motion to Dissolve the Writs of Garnishment.

   B.     Writ of Garnishment Procedures, Fla. Stat. §§ 77.041, 222.12

In her Motion and as argued at the hearing,  Defendant Niroomand-Rad seeks to have the Writs of Garnishment on her Wachovia and TD Ameritrade accounts dissolved based upon Plaintiff's failure to timely file a response to defendant's claim of exemptions as mandated by Fla. Stat. § 77.041(3).  Section 77.041, which sets forth the procedures for a writ of garnishment, provides that after a writ of garnishment is issued and delivered to a party, the debtor may claim exemptions for certain monies within

twenty days of receiving the notice of garnishment.  The statute directs the debtor to have its claim of exemption notarized and to deliver a copy to the plaintiff and the garnishee at the addresses listed on the writ of garnishment.  In addition, that statute states,

> (3) Upon the filing by a defendant of a claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff does not file a *sworn written statement that contests the defendant's claim of exemption within 3 business days after hand delivering the claim* and request or, alternatively, 8 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

Fla. Stat. § 77.041(3) (emphasis added.)  Also, subsection (1) of that statute includes a form for claims of exemption which lists twelve categories of exemptions with a space to check the exemptions that a debtor alleges apply.  The form also provides a space to request a hearing on the validity of the claims.

In addition, while in the Notice of Claim for Exemptions as well as in the Motion to Dissolve Writ of Garnishment, the Defendant only referred to Florida Statute § 77.041, Florida statutes also set forth individual exemptions in Florida Statutes, Chapter 222, entitled, "Homestead and Exemptions, Method of Setting Apart Homestead and Exemptions."  Relevant for the instant proceeding, § 222.12 which is entitled "Proceedings for exemption" provides, among other things, "[w]henever money or other thing due for labor or services ... is attached by such process, the person may [under oath state] that the money attached is due for the personal labor and services of such person, and she or he is the head of family residing in said state".  The statute further provides that an affidavit making these statements must be served on party who sued out the process and that that party must deny under oath within two business days the

facts of the affidavit or the process shall be returned and all proceedings under the same shall cease. Fla. Stat. § 222.12.

While neither statute cross-references the other, as stated by the Fourth District Court of Appeal of Florida, "[t]he legislature obviously designed the form [in § 77.041] to satisfy the affidavit requirement set out in section 222.12, pertaining to "head of family" wages specifically, as well as providing guidance on how to claim the other authorized exemptions." *Cadle Company v. Pegasus Ranch, Inc.*, 920 So. 2d 1276, 1278 (Fla. 4th Dist. Ct. App. 2006). In addition, the court in *Cadle* noted that there was nothing in §77.041 that prevents a defendant from drafting an original document to claim an exemption. *Id.* Thus, the undersigned will examine both Fla. Stat. § 77.041 and § 222.12 in evaluating the arguments raised in the Defendant's Motion to Dissolve Writ of Garnishment.

Preliminarily, the Court notes that under the plain language of either section, if the garnishor fails to timely deny or contest the exemptions raised by the debtor through a sworn written statement under section 77.041 or an affidavit under section 222.12, then the writ of garnishment either automatically dissolves or shall be returned with all proceedings under the writ ceasing.

In *Miami Herald Publishing Company v. Payne*, 358 So.2d 541, 543 (Fla. 1978), for example, a case that neither Party cited in their briefs, the Supreme Court of Florida stated that section 222.12 is strictly construed in favor of the debtor, and held that where the garnishor fails to timely file objections to exemptions raised by the debtor, the writ of garnishment terminates by operation of law and the trial court is without authority to continue the proceeding and enter a judgment against the debtor. *Id.* at 543.

Similarly, in *Hill v. Haywood*, 735 So.2d 539 (Fla. 2d Dist. Ct. App. 1999), the state

appellate court reversed a circuit court's denial of a motion to quash a writ of garnishment where the debtor alleged that funds were exempt under the head of family exemption and the garnishor failed to deny the allegations by submitting a contravening affidavit within two day from the date of service of the exemption.  *Id.* at 540.  The court stated that when the garnishor fails to timely file a sworn statement disputing facts alleged to support the creditor's exemption, all proceedings under the writ must cease.  *Id*. at 541.

In this case, Defendant Niroomand-Rad did not use the form provided in Fla. Stat. § 77.041 but rather provided an affidavit that claimed three of the exemptions listed among the twelve categories on the form set forth in section 77.041.  In particular, the Defendant claimed that she was exempt under the head of family wages exemption, as she provides more than one-half of the support for a child or other dependent and has net earning of $500 or less per week. [D.E. 164 at 2].  She also set forth a claim under the retirement exemption.  Accordingly, the exemptions raised via Affidavit by the Debtor in this case track the language of the form provided in section 77.041 and set forth claims for exemption under that statute.  While the undersigned notes that, according to the certificate of service, the Defendant did not serve the garnishees in this matter, Wachovia Bank and TD Ameritrade, that omission is not fatal to her claims, vis-a-vis the Plaintiff in this case, who was undeniably timely served with the Notice of Claim by the Defendant.[3]

In contrast, the Plaintiff herein utterly failed to comply with the requirements

---

[3] The Plaintiff has not challenged the validity of the claimed exemptions on this ground.  The failure to specify which claims related to which writs of garnishment, however, led the Court to take testimony from Defendant regarding which exemptions she intended to claim in her sworn claim of exemption.

under the applicable Florida statutes.  First, the Plaintiff did not provide a sworn written statement nor an affidavit contesting or denying the exemptions raised by the Defendant.  Rather, as stated above, the Plaintiff provided an incomplete, unsworn statement despite titling the Objections as "sworn".  Secondly, there is no dispute that the Plaintiff did not timely file the Objections within the required two days under section 222.12 and three days under section 77.041.

Based upon the plain language of the applicable statutes and the clear case law, which was not refuted by the Plaintiff in either its brief or at the hearing, it is manifest that the writs of garnishment are dissolved by operation of law.  The Plaintiff's arguments regarding waiver by the Defendant for failing to file a Motion to Dissolve earlier, are not supported by either the statutes or the case law.  Similarly, any other proceedings initiated by the Plaintiff, e.g., writ of attachment, proceedings supplementary, do not alter the fact that upon the Plaintiff's failure to timely deny the exemptions with a sworn affidavit or statement, all proceedings under the writs of garnishment ceased.

Thus, the undersigned need not reach the issue of whether the exemptions raised by the Defendant are meritorious, as the undisputed record demonstrates that as set forth in Florida Statute § 77.041, the Defendant debtor filed a claim of exemption within twenty days of receiving the Notice of Writs of Garnishment.  It is also undisputed that the Plaintiff filed to file a sworn statement contesting the validity of the claimed exemption, and the unsworn statement was not filed within the requisite time frame.  Thus, the writs at issue automatically dissolve.[4]

---

[4]  It is not necessary to decide issues related to successive writs. claims of exemption raised to any successive writs, and the preclusive effect of the instant

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant Akram Niroomand-Rad's Motion To Dissolve Writs of Garnishment [D.E. 188] is **GRANTED**.

**DONE AND ORDERED** in chambers in Miami, Florida on November 21, 2008.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Ursula Ungaro,**
   **United States District Judge**
**All counsel of record**

---

proceedings on any subsequent proceedings.  Moreover, since the writs automatically dissolve, there is no authority for the Court to stay the dissolution.